**Narayan PRASAD et al.; Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–74089.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

Alan M. Kaufman, Esq., David J. Kaufman, Esq., Kaufman & Kaufman, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Manuel A. Palau, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Jennifer Scott Underriner, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, CALLAHAN and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Narayan Prasad and his family, natives and citizens from Fiji, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Prasad's testimony that native Fijians took his house was omitted from his asylum application, *see Li*, 378 F.3d at 962–64. Prasad failed to adequately explain this omission when given the opportunity, *see Kaur v. Gonzales*, 418 F.3d 1061, 1066–67 (9th Cir.2005), and this discrepancy goes to the heart of his claim, *see Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, Prasad's asylum claim fails.

Because Prasad failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Further, because Prasad's CAT claim is based on the same testimony that the IJ found not credible, and he points to no other evidence that the IJ should have considered, his CAT claim also fails. *See id.* at 1157.

Because we conclude that agency's credibility determination is supported by substantial evidence, Prasad's due process contention is moot.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

